## W. R. Willett Lumber Company v. Lloyd Lumber Company.

(Decided May 27, 1924.)

### Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1. Sales—Failure to Deliver Before Certain Date Waived.—Where purchaser of lumber made no objection when seller wrote, after some delay, that lumber would be shipped next day, it waived failure to deliver prior thereto.

2. Sales—Whether Delay in Shipment was Unreasonable Held for Jury.—Whether shipment of lumber on June 4th was within reasonable time after May 19th held for jury.

3. **Customs and Usages—Evidence as to Custom Being Conflicting, Court Properly Refused to Hold that it was Part of Contract.—** Where there was conflict in evidence respecting existence and character of custom, court did not err in refusing to hold that custom was part of contract.

4. **Evidence—When Evidence of Custom Admitted Parol Evidence of Contrary Understanding Admissible.—** Where order for lumber called for "1x6 and up," and evidence of custom to ship approximately equal quantities of the different sizes was admitted, parol evidence that buyer was told it would run heavy to "6's," the smallest size, was admissible.

STANLEY NEWHALL for appellant.

R. P. HOBSON for appellee.

Opinion of the Court by Judge Clay—Affirming.

On January 19, 1920, the W. R. Willett Lumber Company of Louisville, through their agent, J. Mayes Parsons, purchased from the Lloyd Lumber Company of Meridian, Mississippi, one carload of lumber by a written order which is as follows:

"Order No. *132*                    Date *1/19/20*
M. *Lloyd Lbr. Co., Meridian, Miss.*
Ship to *W. R. Willett Lbr. Co.,*
At *Louisville, Ky.*
How ship ——————When *Abt. 30 days.*
Terms ——————————————

1 Car 1x6 & up B. & BA. D. finish, sap stain no defect S. 2 S. to 13/16.
F. O. B. Mill Std. rate.
                              "J. Mayes Parsons."

Owing to continuous rains in Mississippi, the lumber was not shipped, and on May 19, 1920, the Lloyd Lumber Company wrote the Willett Lumber Company as follows:

"We are pleased to advise you that our mill man telephoned us this morning that he has started to running the B. & Better Sap Stained Finish on your order U-959, and that car for the loading of same will be placed tomorrow. We know that you will be very glad to learn that the order is so near to being shipped."

The car was placed on June 3rd, and finally shipped on June 4th. On June 4th, the Willett Lumber Company

mailed a letter to the Lloyd Lumber Company cancelling the order. When the car reached Louisville, the Willett Lumber Company refused to accept the car because of the unreasonable delay, and for the further reason that the figures and words "1x6, etc., up" mean approximately 25% of each of the four sizes, 1x6, 1x8, 1x10 and 1x12, whereas the lumber in the car contained 95% of the small widths, 1x6 and 1x8, and only about 5% of the larger and more valuable widths. Thereupon the Lloyd Lumber Company sold the car, and brought this suit to recover the difference between the contract price and the price received for the lumber. A trial before a jury resulted in a verdict and judgment for the Lloyd Lumber Company, and the Willett Lumber Company has appealed.

It is clear from appellant's conduct that the failure to deliver the lumber prior to May 19th was waived, and the only question was whether the lumber was delivered within a reasonable time after that date. Looking at the entire transaction in the light of the situation of the parties, and the conditions then prevailing, we are not prepared to say as a matter of law that the delay was unreasonable, but conclude that the question was properly submitted to the jury.

Appellant was permitted to show that under the custom of the trade an order for lumber of the sizes, 1x6 and up, meant approximately an equal amount of each of the four sizes, 1x6, 1x8, 1x10 and 1x12. On the other hand, appellee was permited to show that no such custom prevailed among the smaller mills in the Meridian district, and further that appellant's agent was not only shown a prospectus that the lumber would run mostly 1x6 and 1x8, but was also informed that the shipment "would run heavy to 6-s." It is insisted that the court should have construed the contract in the light of the custom, and have excluded all prior conversations relating to the quantities of each size. In view of the conflict in the evidence respecting the existence and character of the custom, the court did not err in refusing to hold that the custom was a part of the contract. Furthermore, it must not be overlooked that if the order had specified the quantity of each size, it would not have been proper to show the quantities fixed by the custom of the trade where different from those expressed. Kendall v. Russell, 5 Dana 501, 30 Am. Dec. 696. In other words, it was only because the custom did not alter or contradict the contract that the evidence of the custom was admissible, and we perceive no reason

why parol evidence showing the understanding of the parties on the quantity was not admissible on the same ground. Clearly, if appellant purchased the lumber after being informed that it would run heavily to "6-s," he is not in a position to complain of the fact that the representation turned out to be true.

Judgment affirmed.